**2016 UT App 128**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF M.H. AND M.K.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

J.H.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20160012-CA
Filed June 23, 2016

Third District Juvenile Court, Tooele Department
The Honorable Tupakk A.G. Renteria
No. 1104183

Joseph P. Barrett, Attorney for Appellant

Sean D. Reyes, Carol L.C. Verdoia, and John M.
Peterson, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1    J.H. (Mother) appeals the termination of her parental rights. We affirm.

¶2    "[I]n order to overturn the juvenile court's decision [to terminate a person's parental rights,] 'the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made.'" *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We

"review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Further, we give the juvenile court a "wide latitude of discretion as to the judgments arrived at based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' special training, experience and interest in this field." *Id.* (citations and internal quotation marks omitted). Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3    Mother argues that there was insufficient evidence to demonstrate grounds supporting termination of her parental rights. The juvenile court based its termination decision on several grounds, including failure of parental adjustment. *See* Utah Code Ann. § 78A-6-507(1)(e) (LexisNexis 2012). The evidence in the record supports the juvenile court's determination that there was a failure of parental adjustment.[1] Failure of parental adjustment "means that a parent or parents are unable or unwilling within a reasonable time to substantially correct the circumstances, conduct, or conditions that lead to the placement of their child outside their home, notwithstanding reasonable and appropriate efforts . . . to return the child to that

---

1. Pursuant to Utah Code section 78A-6-507, the finding of any single ground for termination is sufficient to warrant termination of parental rights. *See* Utah Code Ann. § 78A-6-507(1) (LexisNexis 2012); *In re F.C. III*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights). As a result, if there is sufficient evidence to support any of the grounds for termination found by the juvenile court, the termination of Mother's rights is appropriate.

home." *Id.* § 78A-6-502(2). Further, failure to comply with the terms of a reunification plan is evidence of failure of adjustment. *See id.* § 78A-6-508(5). However, the failure to complete the requirements of the reunification plan, in and of itself, cannot form the basis of terminating a person's parental rights. *See id.* § 78A-6-507(2)

¶4     Here, Mother failed to comply with the terms of the reunification plan. Specifically, Mother failed to obtain and follow the recommendations of a psychological evaluation with a parenting component, despite her caseworkers' prodding to do so. She failed to provide any evidence of consistent income that would allow her to care for her children. She missed several visits with her children and was late many other times despite residing only a few blocks away from the location of the meetings. Mother also failed to obtain stable and suitable housing. Although Mother lived in a suitable apartment with her boyfriend, the juvenile court found that the housing was not stable, because the boyfriend could "kick out" Mother at any time, which he had previously done on at least two occasions, leaving Mother homeless each time. These failures demonstrated that Mother was either unable or unwilling to substantially correct the circumstances, conduct, or conditions that led to the placement of her children outside her home. Accordingly, there is sufficient evidence to support the juvenile court's determination that there was a failure of parental adjustment.

¶5     Similarly, the evidence supports the juvenile court's determination that it was in the best interests of the children to terminate Mother's parental rights. As set forth above, Mother took virtually no steps to put herself in a position to adequately care for the children. Despite months of involvement by the Division of Child and Family Services (DCFS), Mother still had no stable housing or employment. Mother refused to obtain a psychological evaluation with a parenting component or otherwise seek counseling that might have given her insights

into her decision-making processes and why some of the choices she was making were not beneficial to herself or the children. Such decisions included leaving the children with her father, who had a record of drug use and sexual abuse, and refusing to secure housing or employment not contingent upon Mother's relationship with her boyfriend. On the other hand, the children were in need of stability that Mother was not in a position to give them. Moreover, the children were receiving counseling due to emotional and behavioral issues they were exhibiting after their removal, and at the time of the termination proceeding their therapists had not yet even been able to recommend bringing Mother in for family sessions. Further, even though the children were not in a legal-risk home, evidence indicated that several families were interested in adopting them. Thus, evidence in the record supported the juvenile court's determination that it was in the best interests of the children to terminate Mother's parental rights. We may not engage in a reweighing of that evidence. *See In re B.R.*, 2007 UT 82, ¶ 12.

¶6    Finally, Mother argues that the juvenile court erred in determining that DCFS made reasonable efforts to reunify Mother with her children. "Reasonable efforts" has been defined as "a fair and serious attempt to reunify a parent with a child prior to seeking to terminate parental rights." *In re A.C.*, 2004 UT App 255, ¶ 14, 97 P.3d 706. However, the process is "a two way street which 'requires commitment on the part of the parents, as well as the availability of services from the State.'" *In re P.H.*, 783 P.2d 565, 572 (Utah Ct. App. 1989) (quoting *In re J.C.O.*, 734 P.2d 458, 463 (Utah 1987)). Ultimately, reasonableness is an objective standard that "depends upon a careful consideration of the facts of each individual case." *In re K.F.*, 2009 UT 4, ¶ 51, 201 P.3d 985. Thus, the juvenile court has broad discretion in determining whether DCFS made reasonable efforts to reunify a child with her parent. *In re A.C.*, 2004 UT App 255, ¶ 20. Mother made next to no effort to accept the assistance offered by DCFS. She refused to attend a psychological assessment scheduled by her

caseworker and rebuffed repeated further efforts to get her to attend an assessment. DCFS also arranged for Mother to receive a grant that would have helped her obtain housing that was not dependent on the whims of her romantic relationship. She refused the grant. DCFS also facilitated visitation with her children. However, Mother missed several appointments and was late for many others. Ultimately, Mother points to nothing in the record that demonstrates that DCFS failed to offer reasonable services. Accordingly, she has failed to demonstrate that the juvenile court abused its discretion in so finding.

¶7     Affirmed.

_____